UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JOHN M. SCAFFIDI,
TRUSTEE IN BANKRUPTCY
FOR THE ESTATE OF
REBECCA A. KRUTINA
4701 North Port Washington Road, Suite 3
Milwaukee, WI 53212

      Plaintiff,

      v.                              Case No: 21-CV-1055

COLUMBIA ST. MARY'S
HOSPITAL MILWAUKEE, INC.
2301 North Lake Drive
Milwaukee, WI 53211
      Defendant.

## COMPLAINT

COMES NOW the Plaintiff, John M. Scaffidi, Trustee in Bankruptcy for the Estate of Rebecca A. Krutina, by his counsel, HEINS EMPLOYMENT LAW PRACTICE LLC, by Attorney Janet L. Heins, as and for a claim against the Defendant, alleges and shows to the court as follows:

### JURISDICTION & VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et. seq.,* as amended, and the Rehabilitation Act of 1973 ("Rehab Act"), as amended, 29 U.S.C. § 794, *et seq.*

2. The events giving rise to Ms. Krutina's claims occurred within the Eastern District

of Wisconsin, and venue is therefore proper in this District pursuant to 28 U.S.C § 1391(b), *inter alia.*

## THE PARTIES

3. The Plaintiff, John M. Scaffidi, Trustee in Bankruptcy for the Estate of Rebecca R. Krutina, is an adult resident of the State of Wisconsin residing at 4701 North Port Washington Road, Suite 3, Milwaukee, WI 53212. Ms. Krutina filed a Chapter 7 Bankruptcy petition, Case No. 18-22322-BEH, on March 19, 2018, in the Eastern District of Wisconsin Bankruptcy Court.

4. The Defendant, Columbia St. Mary's Hospital Milwaukee, Inc. ("CSM"), at all times material herein, was a domestic non-stock corporation with a principal office located at 2301 North Lake Drive, Milwaukee, WI 53211.

## THE FACTS

5. CSM is a covered employer for purposes of the ADAAA and the Rehab Act.

6. For purposes of the Rehab Act, CSM receives federal funding for its operations and care of patients through Medicare and Medicaid, *inter alia.*

7. At all times material herein, CSM knew and understood its legal obligations regarding the ADAAA and Rehab Act to its employees.

8. Ms. Krutina began working for CSM on March 2, 2015, and effective July 15, 2015, she was transferred to a position as Registration/Insurance Verification Specialist.

9. At all times material herein, Ms. Krutina performed her job duties in accordance with the reasonable expectations of CSM.

10. Ms. Krutina's disabilities are fibromyalgia, migraine headaches, chiari

malformation, nerve issues, and related back problems.

11. These disabilities significantly affect Ms. Krutina's major life activities of caring for herself, sleeping, walking, standing, lifting, bending, neurological function, and her endocrine functions, *inter alia*.

12. At all times material herein, CSM was aware of Ms. Krutina's disabilities.

13. Ms. Krutina receives her health care through CSM's network of doctors and hospitals.

14. Ms. Krutina took medical leave for neurosurgery related to her disabilities on or about October 22, 2015. She was out of work a couple of extra weeks due to spinal meningitis she contracted in CSM's facility during her hospitalization.

15. Ms. Krutina returned to work at CSM on or about December 28, 2015 after taking personal leave for her absence.

16. On or about February 18, 2016, Ms. Krutina went to CSM's emergency room for treatment of her disabilities and took approved medical leave in the form of FMLA leave and short-term disability leave until May 31, 2016.

17. Ms. Krutina's FMLA request was approved by CSM on April 18, 2016, listing June 1, 2016 as her expected return to work date.

18. Ms. Krutina consistently updated CSM with her medical information and documents required to continue personal, FMLA and STD leave.

19. CSM approved Ms. Krutina's short-term disability benefits through May 30, 2016.

20. CSM refused to allow Ms. Krutina to return to work in May 2016 because she had medical restrictions.

21. CSM miscalculated the end of her leave as May 24, 2016 and Leslie Weber,

Manager Physician Revenue of CSM, terminated Ms. Krutina via a letter dated June 7, 2016, making her termination retroactive to May 24, 2016.

22. CSM's STD Team was still corresponding with Ms. Krutina's doctors in June 2016, evidenced by the letter that she received from CSM on June 10, 2017, requesting a return-to-work date from her physician.

23. Upon receiving the request from CSM for a return-to-work date from her physician, Ms. Krutina promptly contacted her physician and had him fax an updated medical certificate on or about June 17, 2016, containing a return-to-work date for Ms. Krutina in July 2016.

24. CSM refused to return Ms. Krutina to work with any medical restrictions.

25. Ms. Krutina next received a notice from her retirement plan at CSM showing that she had been terminated (again?) effective June 27, 2016.

26. On or about June 28, 2016, Ms. Krutina's manager (Leslie Weber) called her to ask how Ms. Krutina wanted to get her personal items from her desk at CSM.

27. On July 27, 2016, Ms. Krutina's attorney sent a letter to CSM outlining their violations of the ADA with respect to her employment.

28. Beginning July 27, 2016, CSM put Ms. Krutina through various medical tests and evaluations, requested numerous documents and evaluations from her doctors, and promised her that it would return her to work soon, but she remained off work.

29. On August 24, 2016, Ms. Krutina's doctor released her to return to work with medical restrictions.

30. CSM consistently told Ms. Krutina and her counsel that CSM would reinstate her as a Registration and Insurance Verification Specialist.

31. Instead, CSM treated Ms. Krutina as a new hire, rather than returning her to her

position.

32. Ms. Krutina produced a note from her doctor outlining further reasonable restrictions due to her diabetes.

33. Instead of accepting and following her doctor note, CSM made Ms. Krutina wait to go back to work until she went through CSM's Fitness for Duty Exam.

34. CSM made it difficult for Ms. Krutina to schedule a Fitness for Duty Exam and was not providing paying work for her while she waited to be cleared to go back to work.

35. CSM refused to provide reasonable accommodations and kept Ms. Krutina from working due to her disability and medical restrictions.

36. CSM required Ms. Krutina to have no medical restrictions before she could return to work.

37. Ms. Krutina was again cleared to return to work in October 2016 with restrictions by her CSM physicians.

38. On December 7, 2016, Ms. Krutina's doctor released her to work without restrictions.

39. Despite CSM's repeated assurances that Ms. Krutina would be able to go back to her job duties, CSM did not hire Ms. Krutina back until four days after she filed a discrimination complaint with the Wisconsin Equal Rights Division.

40. On December 30, 2016, Ms. Krutina timely filed a charge of disability discrimination with the Equal Rights Division, ERD Case No. CR201700033, cross-filed with the Equal Employment Opportunity Commission as EEOC Charge No. 26G201700364.

41. CSM did not reinstate Ms. Krutina until January 2017, in Germantown, requiring a much longer drive to work for her.

42. Even after being reinstated by CMS, Ms. Krutina continued to be faced with discriminatory treatment.

43. Plaintiff received her Notice of Right to Sue from the EEOC on EEOC Charge No. 26G201700364 on June 28, 2021.

44. Plaintiff and Ms. Krutina have satisfied all conditions precedent to this action.

**FIRST CLAIM FOR RELIEF—ADAAA**

45. Ms. Krutina and Plaintiff reallege and incorporate paragraphs 1- 44 of this complaint by reference.

46. CSM intentionally discriminated against Ms. Krutina on the basis of her disabilities and refused to reasonably accommodate her disabilities in the terms and conditions of her employment and by terminating her employment, in intentional disregard of her federally protected rights under the ADAAA, 42 U.S.C. § 12101 *et. seq.*

47. As a result of CSM's intentional discrimination, Ms. Krutina has suffered damages in the form of lost wages and other employment benefits, attorney fees and costs, damage to her career, pain and suffering, emotional distress, and compensatory and punitive damages.

**SECOND CLAIM FOR RELIEF – REHABILITATION ACT**

48. Ms. Krutina and Plaintiff reallege and incorporate paragraphs 1- 44 of this complaint by reference.

49. CSM intentionally discriminated against Ms. Krutina on the basis of her disabilities by terminating her employment, in intentional disregard of her federally protected rights under the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a, *et seq.*

50. As a result of CSM's intentional discrimination, Ms. Krutina has suffered damages in the form of loss of wages and other employment benefits, and an equal amount in liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order CSM to make Plaintiff and Ms. Krutina whole by providing appropriate back pay, front pay and/or reinstatement, compensatory damages, punitive damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

2. Grant to Plaintiff and Ms. Krutina their attorney fees, costs and disbursements as provided by 29 U.S.C. § 794a, 42 U.S.C. § 2000e-5, and all other applicable statutes and provisions; and

3. Grant to Plaintiff and Ms. Krutina whatever other relief this Court deems just and equitable.

Dated this 11th day of September, 2021.

HEINS EMPLOYMENT LAW PRACTICE LLC
Counsel for the Plaintiff

*s/ Janet L. Heins*
Janet L. Heins, WI Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
200 South Executive Drive, Suite 101
Brookfield, WI 53005
(262) 241-8444 voice
e-mail: jheins@heinslawoffice.com